Filed 1/27/22  P. v. Prado CA2/6
Opinion on remand from Supreme Court
## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>   Plaintiff and Respondent,<br><br>v.<br><br>ANDRES PRADO,<br><br>   Defendant and Appellant. | 2d Crim. No. B304660<br>(Super. Ct. No. BA379833)<br>(Los Angeles County)<br><br>OPINION FOLLOWING ORDER VACATING PRIOR OPINION |

Originally Penal Code[1] section 1170.95 allowed a person convicted of felony murder or murder under a natural or probable consequences theory to petition to have his or her conviction vacated.  The trial court denied the petition on the ground that Prado was convicted of attempted murder and manslaughter, not murder.  While the case was pending, the Legislature amended section 1170.95 to apply to attempted murder and manslaughter.  We reverse.

---

[1]All statutory references are to the Penal Code.

## FACTS

In July 2014, Andres Prado pled no contest to attempted murder (§§ 187, subd. (a), 664, subd. (a)) and voluntary manslaughter (§ 192, subd. (a)). He admitted a gang enhancement as to both counts (§ 186.22, subd. (b)(1)(C)) and a personal use of a firearm enhancement as to the manslaughter count (§ 12022.5, subd. (a)). The trial court sentenced him to an aggregate term of 36 years 11 months.

In January 2019, Prado petitioned for resentencing pursuant to section 1170.95. In his petition he falsely stated under penalty of perjury that he had been convicted of first or second degree murder. The trial court summarily denied the petition because he was not convicted of murder.

We affirmed and Prado petitioned to our Supreme Court for review.

While the matter was pending, the Legislature amended section 1170.95 to apply to attempted murder and manslaughter. (Stats. 2021, ch. 551, § 2, eff. Jan. 1, 2022.) Our Supreme Court remanded the matter to us to vacate our decision and reconsider the matter in light of the amended statute.

## DISCUSSION

The People concede that the record on appeal contains neither a preliminary hearing transcript nor a police report. Thus, the record contains no basis to show Prado is not entitled to relief under section 1170.95 as amended. Prado is entitled to a hearing.

## DISPOSITION

The matter is reversed and remanded to the trial court for further proceedings under section 1170.95.

NOT TO BE PUBLISHED.

GILBERT, P. J.

We concur:

YEGAN, J.

TANGEMAN, J.

3

William C. Ryan, Judge

Superior Court County of Los Angeles

_____

Jonathan E. Demson, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Xavier Becerra, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Charles S. Lee, Daniel C. Chang and David A. Wildman, Deputy Attorneys General, for Plaintiff and Respondent.